# Exhibit B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>XACTUS, LLC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>SUMMONS |

TO XACTUS, LLC,

A lawsuit has been started against you in the above-entitled court by the Plaintiff. The Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (60 days if served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED February 1, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| RON LITTMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>XACTUS, LLC, and DOES 1-10,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36 ET SEQ, AND WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Ron Littman, on behalf of himself and others similarly situated and complains against XACTUS, LLC, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Pierce County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant Xactus, LLC, ("Xactus") is Delaware company with its principal address of 370 Reed Rd Ste 100, Broomall PA 19008.

13. Xactus regularly solicits business from Washington State residents and does substantial business in Washington State.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

14. According to the Washington Secretary of State website, Xactus's registered agent in Washington State is Corporation Service Company, 300 Deschutes Way SW STE 208 MC-CSC, Tumwater, WA, 98501.

15. Does 1-10 are currently unknown parties who acted as Xactus's agents in telephone soliciting consumers and Plaintiff.

16. The acts alleged in this complaint occurred in Pierce County, Washington State, during the last four years.

17. Defendants are within the jurisdiction of the Court.

18. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

19. Venue is proper in Pierce County because many of the violations against the Plaintiff and putative class members occurred in this Court.

## III. FACTUAL ALLEGATIONS

**Plaintiff Ron Littman**

20. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.

21. It is a residential phone line.

22. The Plaintiff uses his cell phone number for personal use only, as one would use a landline.

23. The Plaintiff registered his Washington State area code cell phone numbers on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls in the table below.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

24. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the calls at issue.

25. For the last four years the Plaintiff has received unwanted loan solicitation calls from Xactus and its agents.

26. The Plaintiff has been getting a steady stream of calls like those described below for as long as he can remember.

27. If the Plaintiff answered the Defendants' calls, he was greeted by an artificial or prerecorded voice which, after automatically playing its announcement, transferred the call to a live agent who then engaged Plaintiff in conversation.

28. The Plaintiff could tell which calls were pre-recorded because they were impersonal but lengthy, had long pauses, could not converse normally, contained reading a script type intonation and pauses, and then handed gave a phone number for a call back.

29. The Plaintiff could tell these calls were from the same entity because they used the same woman's voice and the robocall portion of the calls used the same format and content, and were selling the same product.

30. This list below is a non-exhaustive list of phone calls the Plaintiff has received this year, each of them from Xactus or an agent acting on behalf of Xactus, selling Xactus's loan services:

| Call # | Date | Calling # | Callback # | Caller Note |
|---|---|---|---|---|
| 1 | 10/23/2025 | 877 267 0045 | | DNC Catherine with United Financial DNC |
| 2 | 10/27/2025 | 844 375 9708 | 833 487 2657 | Grace Mitchell from the underwriting office |
| 3 | 10/29/2025 | 844 673 5576 | 833 487 2659 | Charlotte Morgan from the Credit Review Group |
| 4 | 10/30/2025 | 855 714 5089 | 934 947 9605 | Loan department of Ridgegate Financial |
| 5 | 11/4/2025 | 833 623 8900 | 833 487 2679 | Harper Garcia from the financial analysis team |
| 6 | 11/4/2025 | 866 881 7956 | 833 487 2679 | Harper Garcia from the financial analysis team |
| 7 | 11/5/2025 | 855 611 4486 | 833 487 2681 | Claire Williams from the pre-qualification unit |
| 8 | 11/6/2025 | 844 673 3016 | 833 487 2685 | Abigail Torres from the Offer Determination |



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | |
|---|---|---|---|---|
| | | | | Unit |
| 9 | 11/7/2025 | 844 673 9812 | 833 487 2686 | Nora from the Financial Analysis Department |
| 10 | 11/7/2025 | 888 845 5708 | 833 487 2686 | Nora Harris from the Financial Analysis Department |
| 11 | 11/7/2025 | 888 306 8890 | 833 487 2686 | Nora Harris from the Financial Analysis Department |
| 12 | 11/11/2025 | 888 457 9370 | 833 487 2691 | Penelope Green from the loan review office |
| 13 | 11/12/2025 | 888 454 2132 | 833 487 2692 | Mia Anderson from the Funding approval desk |
| 14 | 11/12/2025 | 888 452 9905 | 833 487 2692 | Mia Anderson from the Funding approval desk |
| 15 | 11/18/2025 | 719 912 8775 | 833 588 3801 | |
| 16 | 11/21/2025 | 888 593 3317 | 833 487 2706 | Riley from the Financial Analysis Department |
| 17 | 11/24/2025 | 855 816 6269 | 833 487 2712 | Sophia from the Funding Approval Group |
| 18 | 11/26/2025 | 970 709 9808 | 833 588 3771 | David from loan underwriting |
| 19 | 11/31/2025 | 888 467 5968 | 833 487 2716 | Credit review group |
| 20 | 11/31/2025 | 724 436 1847 | 888 358 3771 | |
| 21 | 11/31/2025 | 888 585 4308 | 833-487-2716 | Elizabeth from the credit review group |
| 22 | 12/3/2025 | 855 704 6085 | 833 487 2730 | Zoe from Financial Analysis Department |
| 23 | 12/3/2025 | 833-989-5804 | 833 487 2730 | Zoe from Financial Analysis Department |
| 24 | 12/3/2025 | 844 610 7366 | 833 487 2724 | |
| 25 | 12/3/2025 | 866 914 9974 | 833 487 2730 | Zoe from Financial Analysis Department |
| 26 | 12/4/2025 | 888 736 1805 | 833 487 2729 | Ellie from the Financial Analysis Group |
| 27 | 12/4/2025 | 855 297 6445 | 833 487 2734 | Charlote from the Operative Termination Division |
| 28 | | 504 442 4157 | 833 588 3771 | David from loan underwriting |

31. Each caller pitched a loan to Mr. Littman and gave a phone number (Callback #) and invited a call back to that number for Mr. Littman to apply for said loan.

32. Xactus or an agent would answer calls to the calling number or the call back number with the same greeting, and the same ability to apply for said loan.

33. During the loan application process Xactus would pull the callers credit to determine loan eligibility.

34. In none of these calls did the callers identify who they were calling on behalf of, or their name of who they were calling from during the first 30 seconds of the call.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

35. In no call did they identify who they were calling on behalf of, or their name of who they were calling from during the call.

36. In none of these calls did the caller provide a telephone number or address at which the person or entity may be contacted.

37. In none of these calls did the caller provide a telephone number or address at which the person or entity may be contacted to make a do-not-call request.

38. The callers had the capacity to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to do so.

39. The callers had the capacity to transmit to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so.

40. Xactus or its agent always transmitted false caller ID information to each of the solicitation calls they initiated to the Plaintiff.

41. In none of the calls Xactus ever initiated to the Plaintiff did the caller identify the entity behind the call as Xactus or identify the actual name of the caller.

42. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **<u>DNCR Class</u>**: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

> **<u>WA DNCR Class</u>:** Plaintiff and all persons within Washington State who from the enacting date of RCW 80.36.390(9) who the Defendant initiated a telephone solicitation call to their telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**<u>30 Second Class:</u>** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.

**<u>Pre-recorded No Consent Class</u>**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of the Defendants, called on their telephone number (2) using the same or a substantially similar artificial or pre-recorded voice messages used to call the Plaintiff.

**<u>Automatic Dialing and Announcing Device Class</u>**: All persons within Washington State who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their telephone number using an (2) automatic dialing and announcing device for purposes of commercial solicitation.

**<u>Identification Class:</u>** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**<u>False or misleading Caller ID class</u>**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

43. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

44. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

45. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

46. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

47. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

48. In addition to satisfying the prerequisites of CR 23(a), Plaintiff satisfies the requirements for maintaining a class action under CR 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

49. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

50. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

51. Xactus is a "seller" as defined by 47 CFR § 64.1200(f)(10).

52. Xactus is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

53. All of the calls the Defendants initiated to the Plaintiff and proposed Class were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

54. Xactus and its telephone agents engaged in "telephone solicitation" to Washington State residents as defined by RCW 80.36.390(1)(a).

55. Xactus and its telephone agents are "telephone solicitors" as defined by RCW 80.36.390(4).

56. Xactus and its telephone agents are "persons" as defined by RCW 19.86.010(1).

57. The Plaintiff is a person as defined by RCW 19.86.010(1).

58. Xactus and its telephone agents engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

59. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Xactus.

60. The phone ringing and listening to pre-recorded or artificial voice calls where it takes time and annoyance to talk to a live person is obnoxious, an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.

61. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

62. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

63. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

64. The Plaintiff re-alleges the previous paragraphs supra.

65. The Plaintiff registered her telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

66. The Defendants violated 47 U.S.C. 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

67. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

68. Xactus instructed its phone agents to identify themselves to the Plaintiff with fake business names and to not identify themselves or Xactus because they knew they were illegally calling the Plaintiff and they wanted to prevent the Plaintiff and consumers like her from suing Xactus for the illegal calls.

69. Xactus instructed their phone agents to not transmit accurate caller ID information for the same reason – preventing lawsuits for their illegal calls.

70. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

71. The Plaintiff has been damaged and injured as a result of these actions.

72. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(b)**

73. Pursuant to 47 U.S.C. 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

74. The Plaintiff re-alleges the previous paragraphs supra.

75. The Defendants violated 47 U.S.C. 227(b) by calling the Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

76. Therefore, the Defendants violated 47 U.S.C. 227(b) on no fewer than fifty (50) occasions.

77. The Plaintiff has been damaged and injured as a result of these actions.

78. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

79. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages made by telemarketers shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

80. The Plaintiff re-alleges the previous paragraphs supra.

81. The Defendants never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

82. Instead they used fake generic names or didn't give a name at all.

83. And never gave a telephone number or address where the person or entity could be contacted.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

84. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(4) on no fewer than fifty (50) occasions.

85. The Plaintiff has been damaged and injured as a result of these actions.

86. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION**
**47 C.F.R. § 64.1601(e)**

87. 47 C.F.R. § 64.1601(e) requires any entity engaged in telemarketing as that term defined in 47 C.F.R § 64.1200 must transmit caller identification information.

88. The Plaintiff re-alleges the previous paragraphs supra.

89. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any individual could make a do-not-call request to the telemarketer or seller during regular business hours.

90. Xactus and their agents did neither.

91. Xactus and their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Xactus chose not to transmit this information on any call to Plaintiff.

92. Xactus and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

93. Therefore, the Defendants have violated 47 C.F.R. § 64.1601(e) on no fewer than fifty (50) occasions.

94. The Plaintiff has been damaged and injured as a result of these actions.

95. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 5 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.400(2)

96. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

97. The Plaintiff re-alleges the previous paragraphs supra.

98. The Defendants used a device to initiate the artificial or prerecorded voice calls to the Plaintiff.

99. The device the Defendants used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

100. If the announcement plays successfully, the Defendants initiates a transfer of the call to a live agent selling Xactus's goods or services.

101. The Defendants used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like him.

102. The Defendants used an automatic dialing and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

103. Therefore, The Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

104. The Plaintiff has been damaged and injured as a result of these actions.

105. The Plaintiff has been damaged and injured as a result of these actions.

106. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 6 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(3)**

107. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

108. The Plaintiff re-alleges the previous paragraphs supra.

109. The Defendants never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.

110. Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.

111. The Plaintiff has been damaged and injured as a result of these actions.

112. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(9)**

113. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended.

114. The Plaintiff re-alleges the previous paragraphs supra.

115. The Defendants initiated telephone solicitation to the Plaintiffs telephone number after she caused it to be registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

116. Therefore, the Defendants violated RCW 80.36.390(9) on new fewer than fifty (50) occasions.

117. The Plaintiff has been damaged and injured as a result of these actions.

118. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(10)**

119. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

120. The Plaintiff re-alleges the previous paragraphs supra.

121. The Defendants initiated telephone solicitation to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

122. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.

123. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services via wrongful phone calls.

124. Therefore, the Defendants violated RCW 80.36.390(10) on new fewer than fifty (50) occasions.

125. The Plaintiff has been damaged and injured as a result of these actions.

126. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 9 – WASHINGTON CONSUMER PROTECTION ACT RCW 19.86 ET SEQ**

127. Pursuant to RCW 80.36.390(12) a violation of RCW 80.36.390 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

128. Pursuant to RCW 80.36.400(4) a violation of RCW 80.36.400 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

129. The Plaintiff re-alleges the previous paragraphs supra.

130. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

131. Each of the previously pleaded violations of RCW 80.36.400 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

132. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than fifty (50) occasions.

133. The Plaintiff has been damaged and injured as a result of these actions.

134. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 10 – INJUNCTIVE RELIEF**

135. A Plaintiff may seek injunctive relief for violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.

136. A Plaintiff may seek injunctive relief for violations of the Washington Telephone Solicitation Act. RCW 80.36.390(13).

137. A Plaintiff may seek injunctive relief for violations of the Washington Automatic Dialing and Announcing Device Act. RCW 80.36.400(4).

138. A Plaintiff may seek injunctive relief for violations of the Washington Consumer Protection Act. RCW 19.86.090.

139. The Plaintiff re-alleges the previous paragraphs supra.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

140. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c), RCW 80.36.390, and RCW 80.36.400.

141. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

142. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

143. Injunctive relief should therefore be granted by this Court.

## V. JURY DEMAND

144. The Plaintiff demands a trial by jury.

## VI. PRAYER FOR RELIEF

145. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that the Plaintiff and her counsel be appointed to represent the Class and for judgment be entered against the Defendants for:

146. Statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

147. Statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act and RCW 80.36.390;

148. Statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act and RCW 80.36.400;

149. Plaintiff's actual damages;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

150. For treble damages pursuant to RCW 19.86.090, 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c).

151. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13), RCW 80.36.400(4), and RCW 19.86.90;

152. For all injunctive relief as pleaded for above;

153. For any and all other relief this Court deems proper.

DATED February 1, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff